UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BERNARD BATTLE, )
)
    Petitioner, )
)
v. ) Civil Action No. 1:19-cv-03441 (UNA)
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## MEMORANDUM OPINION

On November 8, 2019, the United States District Court for the Central District of California transferred this habeas matter to this court. Prior to transfer, the transferring court notified petitioner that he had failed to submit the applicable $5 filing fee. Petitioner subsequently corresponded with the Clerk of the transferring court, ECF No. 5, indicating that he intended to proceed *in forma pauperis* ("IFP"), but that he was unable to obtain a formal certified trust account statement from the relevant prison official. Once transferred, on November 27, 2019, this Court ordered petitioner to, within thirty days, either submit the $5 statutory filing fee, or in the alternative, submit a sworn IFP application pursuant to U.S.C. § 1915(a)(1).

On January 16, 2020, petitioner filed a motion for leave to file out of time, requesting to submit his accompanying IFP application beyond the deadline due to mail delivery issues. The court will grant the motion to file out of time and the request to proceed IFP, and now turn to initial review of the habeas petition.

Petitioner is a prisoner currently designated to the federal penitentiary in Adelanto, California. In 1994, he was convicted in the District of Columbia Superior Court. He now seeks habeas relief pursuant to 28 U.S.C. § 2254. He alleges that his trial counsel was ineffective and

1

failed to properly advise him during the plea-bargaining phase of his trial. He also alleges that the trial court violated his right to due process in the course of negotiating and entering his guilty plea. He seeks to vacate his conviction and sentence.

Unlike prisoners convicted in state courts or in a United States district court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson*, 119 F.3d 34, 36–37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not."). Petitioner's recourse lies, if at all, in the Superior Court under D.C. Code § 23-110. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042–43 (D.C. Cir. 1998); *Byrd*, 119 F.3d at 36–7 ("Since passage of the Court Reform Act [in 1970][] . . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court – the Superior Court – pursuant to D.C. Code § 23-110."). Section 23-110 states:

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by ... any Federal... court if it appears ... that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). The local statute "divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to § 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009), including a claim of ineffective assistance of trial counsel. *See Adams v. Middlebrooks*, 810 F. Supp. 2d 119, 123–25 (D.D.C. 2011).

Petitioner indicates that he filed a motion pursuant to D.C. Code § 23-110(g), which was denied by the Superior Court. He also contends that he subsequently filed an appeal to the District

2

of Columbia Court of Appeals, which was equally unsuccessful. Petitioner acknowledges the limits to this court's jurisdiction over his habeas claims and attempts to prove that his local remedies were ineffective. However, in doing so, he broadly disagrees with the merits of the decisions rendered, which is inappropriate.

As a general rule, applicable here, this court lacks jurisdiction to review the decisions of the Superior Court. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (following *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923). Further, a prisoner's lack of success in his previous attempts to collaterally attack his conviction and sentence by means of a motion under D.C. Code § 23-110(g) does not render this remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995). Finally, petitioner argues that the Superior Court should have afforded him an evidentiary hearing, however, based on his own exhibits, it is clear that he already raised this issue before the D.C. Court of Appeals, which provided him "a full and fair opportunity." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986).

Petitioner has not properly pled that his local remedy is inadequate to address his grounds for relief. Thus, this habeas action will be dismissed without prejudice for want of jurisdiction. A separate order accompanies this memorandum opinion.

United States District Judge

Date: 3/6/20

3